2/9/2022 12:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61585320
By: Patricia Jones
Filed: 2/9/2022 12:25 PM

*2022-07987 / Court: 215*

CAUSE NO. _____

| | | |
|---|---|---|
| **JESSE URIEGAS,** *Plaintiff,* | § § § | **IN THE DISTRICT COURT OF** |
| VS. | § § | **HARRIS COUNTY, TEXAS** |
| **MELTON TRUCK LINES, INC., AND ADAM JOHNSON HUNTOON** *Defendants.* | § § § § | _____ **JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND RULE 193.7 NOTICE**

COMES NOW, JESSE URIEGAS, and files this Verified Original Petition, Application for Temporary Restraining Order and Rule 193.7 Notice against MELTON TRUCK LINES, INC, and ADAM JOHNSON HUNTOON (collectively as "Defendants") and would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff maintains that discovery in this case should be conducted under Level 3.

2. Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, court costs, expenses, and prejudgment interest.

## II.
## PARTIES

3. Plaintiff is a resident of Harris County, Texas who may be served through their undersigned counsel.

4. Defendant ADAM JOHNSON HUNTOON (hereinafter referred to as "Defendant Huntoon") is a resident of Bell County, Texas Driver's License No.: XXXXX478, and may be served with process at 463 Westfield Boulevard, Apt. 225, Temple, Texas 76502, or wherever they may be found.



Certified Document Number: 100291355 - Page 1 of 13

1

5. Defendant MELTON TRUCK LINES, INC (hereinafter referred to as "Defendant Melton") is a foreign entity doing business in the State of Texas and can be served with process by serving its registered agent, Sam Hallman, 2600 Dallas Parkway, Suite 600, Frisco, Texas 75034, or wherever it may be found.

### III.
### MISNOMER/ ALTER EGO

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils," should be pierced to hold such parties properly included in the interest of justice.

### IV.
### JURISDICTION & VENUE

7. The subject matter in controversy is within the jurisdictional limits of this Court.

8. Venue of this lawsuit is proper in Harris County, Texas because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

### V.
### FACTS

9. On or about December 16, 2021, Plaintiff JESSE URIEGAS was severely injured when the vehicle he was in was struck by the Defendant ADAM JOHNSON HUNTOON in Harris County, Texas. Plaintiff was traveling west bound on West Richey Road. Defendant ADAM JOHNSON HUNTOON was operating a 2022 Freightliner Cascadia 126, License Plate No. 3FQ203, VIN 3AKJHHDR7NSB2714, leaving the parking lot of a gas station located on West Richey Road. Defendant ADAM JOHNSON HUNTOON, while operating a motor vehicle owned and/or leased by Defendant, MELTON TRUCK LINES, INC., failed to keep a proper lookout,

failed to maintain an assured clear distance, failed to make a safe turn and suddenly and without warning, collided with Plaintiff's vehicle. At all times relevant, Defendant ADAM JOHNSON HUNTOON was acting in the course and scope of his employment with Defendant MELTON TRUCK LINES, INC. Defendants MELTON TRUCK LINES, INC., and ADAM JOHNSON HUNTOON were negligent while operating a motor vehicle and the negligence of Defendants was the sole and proximate cause of Plaintiff's injuries and damages complained of in this suit.

## VI.
## CAUSES OF ACTION

**A.**   ***NEGLIGENCE OF DEFENDANTS***

10.   Plaintiff repeats and realleges each allegation contained above.

11.   Plaintiff sustained injuries because of Defendant's negligence when Defendants:

   a.   Failed to maintain a safe speed;

   b.   Failed to turn safely;

   c.   Failed to maintain a safe distance;

   d.   Failed to pay attention to the road;

   e.   Failed to maintain a single lane;

   f.   Failed to keep a proper lookout;

   g.   Failed to change lanes in a safe manner;

   h.   Failed to adequately and timely apply the brakes;

   i.   Failed to take evasive action to avoid the collision;

   j.   Driving while distracted;

   k.   Failed to operate the vehicle safely;

   l.   Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations;

  m. Failing to do what a person of ordinary prudence in the same or similar circumstances would have done;

  n. Other violations of the Texas Transpiration code; and

  o. Other acts deemed negligent.

12. The negligence of Defendants was a proximate cause of the collision and Plaintiff's resulting injuries and damages. As a result of Defendants' negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for their injuries.

13. Defendants owed Plaintiff and others a duty to exercise reasonable care when operating the vehicle.

14. Each of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages pled herein.

**B.** ***NEGLIGENCE OF DEFENDANT MELTON TRUCK LINES, INC.***

15. Plaintiff repeats and realleges each allegation contained above.

16. Plaintiff sustained injuries because of Defendant Melton's negligence when Defendant:

  a. Failed to properly supervise its employees;

  b. Failed to properly train its employees;

  c. Failed to prudently supervise the job;

  d. Failure to provide its employees with necessary equipment;

  e. Failing to get unsafe drivers off the roadway;

  f. Failing to investigate the crash in question;

  g. Failing to develop and implement actions to encourage safe driving;

  h. Failing to develop employment positions to adequately train drivers;

Certified Document Number: 100291355 - Page 4 of 13

4

    i. Failing to conduct daily safety meetings;

    j. Requiring employees to work to the point of fatigue;

    k. Failure to comply with applicable Federal Motor Carrier Safety Regulations;

    l. Failing to implement policies and procedures to insure against driver fatigue;

    m. Failing to follow own policy and procedures following a motor vehicle collision;

    n. Failing to create adequate policies and procedures relating to driver safety;

    o. Failing to have policies and procedures in place to confirm safe driving practices;

    p. Failing to regularly test drivers to insure safe practices;

    q. Other violations of the Texas Transpiration code; and

    r. Other acts deemed negligent.

17. The negligence of Defendant Melton was a proximate cause of the collision and Plaintiff's resulting injuries and damages. As a result of Defendants' negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for their injuries.

18. Defendant Melton owed Plaintiff and others a duty to exercise reasonable care to have safety policies and regulations in place to ensure their employee drivers are not putting the public at risk while on the road.

19. Each of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages pled herein.

C. **NEGLIGENCE PER SE OF DEFENDANTS**

20. Defendants' acts and/or omissions also constitute negligence *per se* as that term is defined under Texas law. Specifically, Defendants' acts and/or omissions violated the following statutory duties:

Certified Document Number: 100291355 - Page 5 of 13

5

    a.    Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway. Tex. Trans. Code. § 545.351;

    b.    Duty to maintain an assured clear distance when following another vehicle. Tex. Trans. Code § 545.062;

    c.    Duty to operate a vehicle at a speed that is reasonable and prudent under the circumstances. Tex. Trans. Code § 545.351;

    d.    Duty to not drive with willful or wanton disregard for the safety of persons or property. Tex. Trans. Code. § 545.401; and

    e.    Other violations of the Texas Transportation Code and Federal Motor Carrier Safety Regulations.

21.    Plaintiff is within the class of persons meant to be protected by these statutes, specifically, travelers on the roadway. Defendants' violations of these statutes were the proximate cause of the collision and Plaintiffs' injuries and damages.

### D.    GROSS NEGLIGENCE OF DEFENDANTS

22.    Plaintiff incorporates the abovementioned paragraphs. Defendants were grossly negligent in that they had subjective knowledge of the extreme degree of risk involved in their conduct, yet acted with conscious indifference to the rights, safety, and welfare of others. Defendants are liable for exemplary damages due to his own gross negligence.

### E.    NEGLIGENT HIRING

23.    Plaintiff repeats and realleges each allegation contained above.

24.    Plaintiff sustained injuries as a result of Defendant Melton's negligent hiring because of Defendant Melton's:

    a.    Failure to conduct a reasonable and adequate interview of Defendant Huntoon as a potential employee.

    b.    Failure to properly follow up on information not provided by Defendant Huntoon in the interview process.

    c.    Failure to conduct a proper employment and background check.

Certified Document Number: 100291355 - Page 6 of 13

    d.    Failure to comply with applicable Federal Motor Carrier Safety Regulations;

    e.    Failure to sufficiently investigate the training, prior employment, criminal record, and past of Defendant Huntoon.

    f.    Failure to perform the required screening, testing, and physical of Defendant Huntoon.

    g.    Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

    h.    Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F. NEGLIGENT TRAINING

25.    Plaintiff repeats and realleges each allegation contained above.

26.    Plaintiff sustained injuries as a result of Defendants Melton's negligent training because of Defendants Melton's:

    a.    Failure to explain and demonstrate its safety policies and procedures to Defendant Huntoon involved in the incident that makes the basis of this lawsuit.

    b.    Failure to provide the necessary training to Defendant Huntoon regarding driving this vehicle, vehicle safety, safety classes, the proper manner to safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

    c.    Failure to properly train its drivers regarding all aspects of driver safety.

    d.    Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

    e.    Failure to train its employees, including Defendant Huntoon, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

    f.    Failure to provide and/or require regular follow-up driver education and training.

    g.    Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Certified Document Number: 100291355 - Page 7 of 13

### G. NEGLIGENT SUPERVSION, RETENTION, AND MONITORING

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained injuries as a result of Defendant Melton's negligent supervision, retention and monitoring because of Defendant Melton's:

   a. Failure to monitor Defendant Huntoon to make sure they were complying with policies and procedures.

   b. Failure to interview and test Defendant Huntoon to make sure they had read, and was familiar with, understood, and followed the company policies and procedures.

   c. Failure to implement proper policies and procedures for its employees, including Defendant Huntoon, regarding driver safety and vehicle safety.

   d. Failure to document and make a determination regarding fault in the accident made the basis of this suit.

   e. Failure to supervise Defendant Huntoon to ensure that he was keeping the vehicle properly maintained.

   f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### H. NEGLIGENT ENTRUSTMENT

29. Plaintiff repeats and realleges each allegation contained above.

30. Defendant Melton was the owner of the vehicle operated by Defendant Huntoon. Defendant Melton entrusted the vehicle to Defendant Huntoon, a reckless and incompetent driver. Defendant Melton knew or should have known that Defendant Huntoon, was a reckless and incompetent driver. Defendants Melton and Huntoon were negligent, and it was the negligence of the Defendants the proximate cause of Plaintiffs' damages.

### I. RESPONDEAT SUPERIOR

31. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Huntoon was within the course and scope of their employment for Defendants Melton.

8

Certified Document Number: 100291355 - Page 8 of 13

32. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Huntoon was engaged in the furtherance of Defendant Melton's businesses.

33. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Huntoon was engaged in accomplishing a task for which Defendant was employed.

34. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendants.

### J.    AGENCY

34. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Melton occurred within the scope of the actual or apparent authority of such person on behalf of Defendant.

35. Therefore, Defendant Melton is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

### VII. PRESERVATION OF EVIDENCE AND APPLICATION FOR INJUNCTIVE RELIEF

36. Plaintiff hereby requests and demands that Defendant Melton preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, the motor vehicle involved in the incident that made the basis of this lawsuit and any equipment that is on the vehicle, including but not limited to, the black box and any type of recordings, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; Defendant Huntoon's log book; any drug samples that have been obtained from Defendant Huntoon; all cellular phones owned and/or

used by Defendant Huntoon while working for Defendant Melton; cellular telephone records; calendar entries; and any electronic images, data, recordings, or information related to Defendant Melton, the referenced incident, or any damages resulting therefrom. **Failure to maintain such items will constitute spoliation of the evidence**.

37.     Plaintiffs are entitled to injunctive relief under TEXAS RULE OF CIVIL PROCEDURE 680 and Chapter 65 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, Plaintiffs are entitled to injunctive relief under Section 65.011, subsections (1) and (3), because, upon information and belief, the subject vehicle, the logbook, the black box, electronic data, cell phone and cell phone records used by Defendants at the time of the crash are currently under the custody and control of Defendants and the failure to preserve such evidence, the alteration of such evidence, or the destruction of such evidence would be prejudicial to Plaintiffs.

38.     Defendants are likely to alter, salvage, repair, utilize, or destroy evidence obtained from the subject vehicle, the logbook, the black box, and cell phone. The subject vehicle, the logbook, the black box, and cell phone or evidence contained in or downloaded from the logbook, the black box, and cell phone is necessary for Plaintiff to properly investigate and pursue their claims, to recover damages, and to see that justice is done. Immediate and irreparable injury, loss, damage, or prejudice will result to Plaintiffs before notice can be served and a hearing had thereon.

39.     The harm, if any, to Defendants by enjoining the acts stated above is not sufficient to justify the injury, loss, damage, or prejudice Plaintiff will sustain if Defendants are allowed to alter or destroy the subject vehicle, the logbook, the black box, cellular phone(s) and/or the evidence from the subject vehicle, the logbook, the black box, cellular phone(s).

40.     Accordingly, Plaintiffs seek an expedited hearing before the Court and the issuance, following such hearing, of a Temporary Restraining Order, and, after the appropriate hearings, a

Temporary Injunction and Permanent Injunction, that directly or indirectly enjoins Defendants or any his or her agents, attorneys, assigns, contractors, employees, representatives, servants, and those acting in concert with or in representation of Defendant from altering and/or destroying the following items: (1) ADAM JOHNSON HUNTOON's logbook and/or black box; (2) ADAM JOHNSON HUNTOON's cellular phone(s), (3) any devices electronically linked or associated with ADAM JOHNSON HUNTOON's cellular phone, (4) any information contained within or downloaded from ADAM JOHNSON HUNTOON's cellular phone, (5) any related electronic images, data, recordings, or information, (6) the subject vehicle and (6) any drug test samples that have been obtained from Defendant Huntoon.

## VII.
## DAMAGES

41. This claim for damages is based upon the facts and legal theories more fully set out herein.

42. As a result of the negligent acts of Defendants, Plaintiff suffered damages in the past and will in reasonable probability continue to suffer damages in the future in an amount which is within the jurisdictional limits of this Court.

43. As a proximate cause of Defendants' negligence, Plaintiff sustained the following damages:

   a. Past and future physical pain and suffering;

   b. Past and future mental anguish;

   c. Past and future impairment;

   d. Past and future medical expenses;

   e. Past and future lost wages; and

   f. Past and future lost earning capacity;

   g. Past and future disfigurement; and

    h. Property damage.

44. Based on the above enumerated injuries and damages which were caused by the negligent acts and/ or omissions of Defendants, Plaintiff pleads for actual damages in an amount that the Court deems reasonable under the circumstances, and which exceeds the minimum jurisdictional limits of the Court.

45. Plaintiff affirmatively pleads and seeks monetary relief over $1,000,000.00. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Damages sought are within the jurisdictional limits of the court. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

## VIII.
## RULE 193.7 NOTICE

46. Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff intends to rely upon the authenticity of any document any Defendant produces in discovery.

## PRAYER

47. Plaintiff requests that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants, jointly and severally, for actual damages in an amount the Court deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgement interest, post-judgement interest, costs of court, and for such other and further relief to which Plaintiff may be justly entitled.

*[Signature on the following page]*

Respectfully submitted,

**PARANJPE MAHADASS RUEMKE LLP**

/s/ MRR

Michael A. Rodriguez
State Bar Number: 24111265
Tej Paranjpe
State Bar Number: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
MRodriguez@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

*For e-service only:*
Service@pmrlaw.com
*Counsel for Plaintiff*

Certified Document Number: 100291355 - Page 13 of 13

13



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 16, 2022

Certified Document Number:        100291355 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**